IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
FEB 03 2005
JAMES W. McCORMACK, CLERK
By: ~~PLAINTIFF~~
DEP CLERK

DAVID J. WOOD, trustee of the
RICHARD T. SMITH FAMILY TRUST #2

VS. NO. 4-05-CV-0124 JMM

VALLEY FORGE LIFE INSURANCE COMPANY DEFENDANT

This case assigned to District Judge Moody
and to Magistrate Judge Cavaneau

COMPLAINT

Comes David J. Wood, Trustee of the Richard T. Smith Family Trust #2, by and through his attorney, Brent Baber and for his complaint states and alleges:

1. Plaintiff David J. Wood is the trustee of the Richard T. Smith Family Trust #2. David J. Wood is a resident of Pulaski County, Arkansas.

2. Defendant Valley Forge Life Insurance Company is a corporation authorized to do business in the state of Arkansas. It's primary place of business is Reading, Pennsylvania. Defendant's agent for service of process is the Corporation Company of Little Rock, Arkansas.

3. This court possesses jurisdiction and venue pursuant to 42 U.S.C. sections 1332 and 1391.

4. Plaintiff is the beneficiary and owner of a $300,000.00 accidental death benefit rider issued by Defendant in policy #VITU043086. The rider was issued insuring the life of Mace David Howell on December 14, 1999.

5. The original life insurance policy on the life of Mace David Howell was issued by Defendant on September 4, 1998 in the principle sum of $2,000,000.00.

6. Mace David Howell died on October 23, 2002.

7. Defendant paid the $2,000,000.00 face amount of that policy on February 7, 2003.

8. Plaintiff was unaware of the existence of the $300,000.00 rider at the time of the settlement of the $2,000,000.00.

9. Defendant failed to advise Plaintiff of the existence of the $300,000.00 rider at any time following the death of Mace David Howell.

10. Defendant's conduct in failing to advise plaintiff of the existence of the $300,000.00 rider amounts to dishonest, oppressive and malicious conduct designed to avoid liability of their policy of insurance.

11. Defendant's bad faith proximately caused damage to Plaintiff.

12. Such conduct support an award of punitive damages under the law of the State of Arkansas.

13. When Plaintiff discovered the existence of the rider Plaintiff immediately made demand for payment of the policy. Defendant has refused payment.

14. This is a direct action and Plaintiff is entitled to an award of 12% penalty, interest from the date of death of Mace David Howell and attorney fees.

WHEREFORE, Plaintiff prays that it be granted an award of $300,000.00 plus 12% penally, interest and attorney fees against Defendant. Plaintiff further prays for an award of punitive damages for the bad faith actions of Defendant and for any other just relief to which it is entitled.

Respectfully submitted,

Brent Baber
Baber & Luppen
210 State St.
Little Rock, AR 72201
Ark. Bar No. 80-297